**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| IMPLICIT, LLC, § | |
| § | CIVIL ACTION NO. 6:17-cv-182 |
| *Plaintiff*, § | |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| HUAWEI TECHNOLOGIES USA, INC., § | |
| § | |
| *Defendant*. § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Implicit, LLC ("Plaintiff" or "Implicit"), by and through its attorneys, for its Original Complaint against Huawei Technologies USA, Inc. ("Defendant" or "Huawei"), and demanding trial by jury, hereby alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe Implicit's United States patent, as described herein.

### II. PARTIES

2. Plaintiff Implicit is a limited liability corporation organized and existing under the laws of the state of Texas, with its principal place of business at 600 Congress Avenue, 14th Floor, STE 14149, Austin, Texas 78701.

3. On information and belief, Defendant Huawei is a corporation organized under the laws of the State of Texas, having a principal place of business at 5700 Tennyson Parkway,

Suite 500, Plano, Texas 75024. Huawei's registered agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.  JURISDICTION AND VENUE

4. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

5. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

7. On information and belief, Defendant Huawei is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

### IV.  FACTUAL ALLEGATIONS

8. Implicit Networks, Inc. ("Implicit Networks") provides software platforms and products that enable OEMs and ISVs to build applications for networks. Its products include Strings OS, which enables OEMs and ISVs to build, deploy, and manage applications in the network and on the devices that access the network; and RADkit, a toolkit designed specifically to build applications for network infrastructure and for devices that access the network. The company was founded in 1996 and is based in Austin, Texas..

9. U.S. Patent No. 9,591,104 (the "'104 patent"), entitled "Method and System for Data Demultiplexing," issued on March 7, 2017.

10. The foregoing patent is referred to herein as the "Patent-in-Suit." Implicit is the current assignee of the Patent-in-Suit, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

11. Defendant Huawei provides software and services directed to analysis and detection of packet content including attacks arising in a data network environment. For example, Huawei makes, uses, sells and deploys Service Inspection Gateway, which performs deep packet inspection of traffic in a data network.

12. Deep Packet Inspection technology as implemented by Huawei enables the Service Inspection Gateway to analyze and respond to the contents of packets at multiple communication protocol layers.

13. Defendant Huawei provides mature high-end routing platforms based on advanced deep packet inspection technology. For example, Huawei makes, uses, sells, and deploys service inspection gateway products such as the SIG9800 which provide rich network visualization capabilities and intelligent traffic management capabilities to help optimize networks, control bandwidth use, and manage application use. Huawei's service inspection gateways provide application and subscriber awareness capabilities, multi-dimensional service analysis, and assists in business operation decision-making. Huawei's service inspection gateways further employ intelligent traffic management technologies to effectively optimize network traffic, simplify operations, and promote service quality.

14. On information of belief, Defendant Huawei also implements contractual protections in the form of license agreements with its customers to preclude the unauthorized

reproduction, distribution and modification of its software. Moreover, on information and belief, Defendant Huawei implements technical precautions to attempt to thwart customers who would circumvent the intended operation of Huawei's products.

## V. COUNT ONE

### INFRINGEMENT OF U.S. PATENT NO. 9,591,104

15. Implicit incorporates by reference its allegations in Paragraphs 1-14 as if fully restated in this paragraph.

16. Implicit is the assignee and owner of all right, title and interest to the '104 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

17. On information and belief, Defendant Huawei, without authorization or license from Implicit, has been and is presently directly infringing the '104 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '104 Patent. Defendant Huawei is thus liable for direct infringement of the '104 Patent pursuant to 35 U.S.C. § 271(a).

18. On information and belief, at least since the filing of this Complaint, Defendant Huawei, without authorization or license from Implicit, has been and is presently indirectly infringing the '104 Patent, including actively inducing infringement of the '104 Patent under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Huawei knows or should know infringe one or more claims of the '104 Patent. Huawei instructs its customers to make and use the patented inventions of the '104 patent by operating Huawei's products in accordance with Huawei's specifications. Huawei specifically intends its customers

to infringe by using the deep packet inspection technology of the Service Inspection Gateway in accordance with those instructions and specifications in an infringing manner.

19. Huawei is accused of infringing the '104 Patent by satisfying every element and limitation of at least one or more of claim 1 and claims dependent therefrom.

20. As a result of Huawei's infringement of the '104 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VI. JURY DEMAND

21. Plaintiff Implicit demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, Implicit prays for judgment and seeks relief against Defendant as follows:

A. That the Court determine that one or more claims of the Patent-in-Suit is infringed by Defendant Huawei, either literally or under the doctrine of equivalents;

B. That the Court award damages adequate to compensate Implicit for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C. That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283; and

D. That the Court award such other relief to Implicit as the Court deems just and proper.

Dated: March 24, 2017                      Respectfully submitted,

                                               By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com
**DINOVO PRICE ELLWANGER**
**& HARDY LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

*Counsel for Plaintiff*
*Implicit, LLC*