**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | **CIVIL ACTION NO. 6:17-CV-182-JRG** |
| HUAWEI TECHNOLOGIES USA, INC., *et al.*, | § § § | **LEAD CASE** |
| *Defendant.* | | |
| IMPLICIT, LLC, | § § | |
| *Plaintiff*, | § § | |
| v. | § § § | **CIVIL ACTION NO. 6:17-CV-336-JRG (CONSOLIDATED CASE)** |
| PALO ALTO NETWORKS, INC., | § § § | |
| *Defendant.* | | |

**<u>DEFENDANT PALO ALTO NETWORKS, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT
AS TO U.S. PATENT NO. 9,325,740</u>**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ...................................................................2

III. STATEMENT OF UNDISPUTED FACTS .........................................................................2

    A. Procedural Facts............................................................................................. 2

    B. Overview of the '740 Patent ......................................................................... 3

    C. The Accused Products and Infringement Allegations .................................. 4

IV. LEGAL STANDARD ..........................................................................................................7

V. ARGUMENT ........................................................................................................................8

    A. The Asserted Claims .................................................................................... 8

    B. Implicit Cannot Show Infringement ............................................................ 9

VI. **CONCLUSION** ..................................................................................................................13

# TABLE OF AUTHORITIES

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ..............................................................................7

*Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335 (Fed. Cir. 1998) .......................................8

*Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644 (Fed. Cir. 1994) ........................................7

*Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192 (Fed. Cir. 1994) ....................................13

**Rules**

Fed. R. Civ. P. 56(a) .......................................................................................................................7

**I.     INTRODUCTION**

Palo Alto Networks, Inc. ("PAN") moves for summary judgment of noninfringement of asserted U.S. Patent 9,325,740 (the "'740 Patent"). The '740 Patent requires that a computer system receives a requested file (*e.g.*, downloads a file from the Internet) and then performs a "transformation operation" on the file before sending it to the client computer that requested it. The parties agree that a "transformation operation" is an "operation that modifies code" – and thus, the '740 Patent requires that the accused computer system must modify the code of the received file before sending it on to the client computer.

The accused products are network firewalls that, in response to a client computer's request for a resource (*e.g.*, a file that is to be downloaded from the Internet), can (a) allow the file to pass through the firewall unmodified, or (b) block the requested file and send a completely different file—a "File Download Blocked" notification page—to the client instead of the requested file. The firewall does not "transform" the requested file as required by the claims (in accordance with the agreed meaning of that term as "modifying code" in the requested file) and send the transformed file to the client. Therefore, the accused products cannot infringe, directly or indirectly, any asserted claim of the '740 Patent.[1]

---

[1] PAN filed a motion to transfer on September 18, 2017 (Case No. 6:17-cv-336, Dkt. 23) and, following extensive venue discovery requested by Plaintiff, briefing was complete as of January 17, 2018. Pursuant to the instructions provided by the Federal Circuit in, *e.g.*, *In re Fusion-IO, Inc.*, 489 F. App'x 465 (Fed. Cir. Dec. 2012), PAN filed a motion to stay shortly thereafter. Dkt. 82. While PAN expects the Court "to act on those motions before proceeding to any motion on the merits of the action" (*id.*), PAN brings the instant motion for summary judgment at the present time to ensure that its substantive defenses and positions are preserved in the interim.

II.      **STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether summary judgment should be granted as to the PAN Accused Products when there is no genuine dispute of material fact as to the operation of the PAN Accused Products and no relevant dispute as to the scope of any asserted claim.

III.      **STATEMENT OF UNDISPUTED FACTS**

    A.      **Procedural Facts**

On June 7, 2017, Implicit sued PAN and alleged infringement of the '740 Patent plus five other patents, including U.S. Patent Nos. 6,324,685 (the "'685 Patent"), 8,694,683 (the "'683 Patent"), 8,856,779 (the "'779 Patent"), 9,270,790 (the "'790 Patent"), and 9,591,104 (the "'104 Patent") (collectively the "Patents-in-Suit"). (Dkt. 1 at ¶¶ 9-14). The '683, '790 and '104 Patents are related to one another and referred to in this litigation as the "Demultiplexing Patents." The '685, '779 and '740 Patents are related to one another and referred to in this litigation as the "Applet Patents."

On September 1, 2017, Implicit served its infringement contentions (hereinafter, the "September 2017 Contentions"). Declaration of Joseph Powers in Support of Motion for Partial Summary Judgment of Noninfringement ("Powers Decl.") at ¶3. Following a meet and confer regarding the September 2017 Contentions, Implicit agreed to (i) dismiss its claims with respect to two of the three asserted Applet Patents, specifically the '685 and '779 Patents, and (ii) provide updated contentions for the remaining asserted Applet Patent – *i.e.*, the '740 Patent – that provide narratives that more closely tie the claim language to the accused functionality. Powers Decl. at ¶4.

On October 30, 2017, Implicit served its "updated claim charts" (hereinafter, the "October 2017 Contentions") that superseded the respective exhibits to Implicit's September 2017 Contentions, including an updated Exhibit E directed to the '740 Patent. Powers Decl. at ¶5. These

updated contentions, like the September 2017 Contentions, invoked PLR 3-1(g) pending Implicit's review of PAN's source code for the Accused Products.

On December 14, 2017, following Implicit's review of the PAN source code, Implicit served further updated contentions (hereinafter, the "December 2017 Contentions") with updated claim charts that superseded the respective exhibits to Implicit's September 2017 Contentions and October 2017 Contentions. Powers Decl. at ¶6.

### B. Overview of the '740 Patent

The specification of the '740 Patent describes what the patent refers to as an "applet server" that receives a request from a client computer for a resource, such as an "applet" (which is a particular type of program having executable code) or an application. '740 Patent, Abstract; 3:29-35; 3:64-66.[2] The applet server conveys the request for the resource to an external network (*id.* at 4:29-36); receives the resource from the external network (*id.* at 7:33-34); performs a "transformation operation" on the resource it received from the external network (*id.* at 5:34-6:24); and then sends the produced resource (*i.e.*, the transformed resource) to the client in response to the client's request. *Id.* at 7:7-9; 7:37-39. Each of these steps is expressly recited in independent claims 1, 19, and 20, and thus required by all asserted claims.

The parties have stipulated to the Court's prior construction that a "transformation operation" is an "operation that modifies code" in the requested resource. Joint Claim Construction and Prehearing Statement (Dkt. 73) at 1.[3]

---

[2] The '740 Patent is attached as Exhibit 1 to the Powers Decl.

[3] *See Implicit, LLC v. Trend Micro, Inc.*, 6:16-cv-00080 (Consolidated Lead Case), Dkt. 115, at 43-45 (setting forth Court's construction of "transformation operation").

3

### C. The Accused Products and Infringement Allegations

The Accused Products (hereinafter referred to as the "PAN Firewall") include PAN's "next generation firewalls, including PA-7000, PA-5200, PA-5000, PA-3000, PA-800, PA-500, PA-220, PA-200, VM-700, VM-500, VM-300, VM-100, and VM-50 Series next-generation firewalls running PAN-OS 8.0, all substantially similar products, and all associated computer hardware, software and digital content." Powers Decl., Ex. 5 (December 2017 Contention), at 1. Implicit accuses PAN of direct and indirect infringement of claims 1, 9-13, 16 and 19-20 of the '740 Patent. *Id.* Implicit alleges only literal infringement and not infringement under the doctrine of equivalents.[4] *Id.*

The PAN Firewall provides a firewall between an internal network (such as a company's private network) and an external network (such as the Internet), and the PAN Firewall implements security policy rules and profiles. Powers Decl., Ex. 5 (December 2017 Contentions), at 2; Declaration of Jesse B. Ralston ("Ralston Decl."), at ¶4. In response to a request for a web resource (*e.g.*, a file) from a client (*e.g.*, a request made via a web browser), the PAN Firewall—operating in accordance with the security policy rules and profiles—can take actions including blocking the requested web resource or allowing the web resource to pass through the firewall to the client in unmodified form. Powers Decl., Ex. 5 (December 2017 Contentions), at 7-8; Ralston Decl. at ¶5. If the PAN Firewall blocks the web resource (*e.g.*, the file), the PAN Firewall can send a "File Download Blocked" notification page to the client computer. Powers Decl., Ex. 5 (December 2017 Contentions), at 20; Ralston Decl. at ¶¶6-7. This notification page includes a

---

[4] The December 2017 Contentions do not chart or preserve any specific allegation under the doctrine of equivalents, and state only that "Plaintiff further reserves the right to supplement this chart to allege infringement under the doctrine of equivalents if it is found that the accused instrumentalities do not literally meet or practice a particular claim element for any of the claims." Powers Decl., Ex. 5 (December 2017 Contentions), at 1.

4

selectable "Continue" button that allows the client to re-request the blocked file. Ralston Decl. at ¶¶ 8, 10. If the client selects the "Continue" button, the PAN Firewall allows the re-download of the files and the previously blocked file passes through the firewall to the client computer, unmodified by the PAN Firewall. *Id.*

Implicit contends that the PAN Firewall infringes the claims of the '740 Patent when the PAN Firewall: (i) receives from a client web browser an HTTP request for some web resource (Powers Decl., Ex. 5 (December 2017 Contentions), elements 1[B], 19[D], 20[B]); (ii) requests that resource from a remote computer on an external network (*e.g.*, web server on the Internet) (*id.* at elements 1[D], 19[F], 20[D]); (iii) receives the requested resource from the remote computer on the external network (*id.* at elements 1[E], 19[G], 20[E]); (iv) blocks the resource (*id.* at elements 1[F], 19[H], 20[F]); and (v) generates and sends to the client (instead of the requested resource that was blocked) a "File Download Blocked" notification page with a "Continue" button that, when selected, allows the user to download the requested resource (*id*. at elements 1[F, G], 19[H, I], 20[F, G]). This infringement theory is summarized in the table below, using claim 1 as exemplary:

| Claim Language | Infringement Allegation |
| --- | --- |
| 1[A] A non-transitory computer-readable storage medium having stored thereon instructions that are executable to cause a computer system to perform operations comprising: | PAN Firewall<br><br>*See* Powers Decl., Ex. 5 (December 2017 Contentions), at 2-4. |
| 1[B] receiving, at the computer system, a first HTTP request from a first client computer for a resource, wherein the resource includes source code; | PAN Firewall receives HTTP request from a client computer web browser for some web resource (*e.g.*, a file)<br><br>*See* Powers Decl., Ex. 5 (December 2017 Contentions), at 4-9. |

5

| Claim Language | Infringement Allegation |
|---|---|
| **1[C]** producing, by the computer system, the resource for the first client computer, wherein the producing includes: | See elements 1[D], 1[E] and 1[F] below<br><br>*See* Powers Decl., Ex. 5 (December 2017 Contentions), at 9-12. |
| **1[D]** conveying, by the computer system, a request for the resource to an external network; | PAN Firewall sends a request for the resource that the client requested (*e.g.*, the requested file) to a remote computer (*e.g.*, web server) on an external network (*e.g.*, Internet)<br><br>*See* Powers Decl., Ex. 5 (December 2017 Contentions), at 12-16. |
| **1[E]** receiving, at the computer system, the resource from the external network; and | PAN Firewall receives the requested resource (*e.g.*, the requested file) from the remote computer<br><br>*See* Powers Decl., Ex. 5 (December 2017 Contentions), at 16-19. |
| **1[F]** performing, by the computer system, a transformation operation on the resource; and | The PAN Firewall applies security policy rules and profiles. If the file matches a file type that should be blocked (*e.g.*, specific types of portable executable files that can contain malware), the PAN Firewall blocks the requested file and generates a "File Download Blocked" notification page that it sends to the client. The "File Download Blocked" notification page has a "Continue" button (created via JavaScript) that allows the user to override the "block" by instructing that the requested file be allowed to pass through the firewall to the client. |

| Claim Language | Infringement Allegation |
|---|---|
| | *See* Powers Decl., Ex. 5 (December 2017 Contentions), at 19-24. |
| **1[G]** sending, by the computer system, the produced resource to the first client computer in response to the first HTTP request. | The "produced resource" is the "File Download Blocked" notification page with the "Continue" button that is sent to the client. *See* Powers Decl., Ex. 5 (December 2017 Contentions), at 24-27 |

## IV. LEGAL STANDARD

Summary judgment is warranted when the pleadings, depositions, answer to interrogatories, and admissions on file, altogether with the affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248.

The standard for summary judgment in a patent case is no different. *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994) ("[S]ummary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."). A finding of infringement in patent cases requires that the accused infringing products or systems meet every limitation of an asserted claim.

7

*Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335, 1349 (Fed. Cir. 1998).

## V. ARGUMENT

Summary judgment of noninfringement is appropriate here because there is no genuine dispute over the manner in which the PAN Firewall operates and no relevant dispute as to the scope of any asserted claim. PAN is entitled to judgment as a matter of law that it does not directly or indirectly infringe any asserted claim of the '740 Patent.[5]

### A. The Asserted Claims

Every asserted claim requires that a computer system performs a "transformation operation" on a requested file before sending the requested file to the client computer that requested it. Per the parties' agreed claim construction, this means that every asserted claim requires that a computer system modifies the code of the requested file before sending the requested file to the client computer that requested it.

More specifically, Implicit asserts claims 1, 9-13, 16 and 18-20 of the '740 Patent against PAN. Of these claims, claims 1 (computer-readable medium), 19 (computer system) and 20 (method) are independent claims. These claims focus on providing a "resource" to a client computer in response to a request for that resource from the client computer. Each of the independent claims recites the same "receiving", "producing" and "sending" operations or method steps that involve the same "resource":

> [1] *receiving*, at the computer system, a first HTTP request from a first client computer for **a resource**, wherein the resource includes source code;

---

[5] Following receipt of the December 2017 Contentions and in an effort to obviate the need for this Motion, PAN explained to Implicit in a letter PAN's position that Implicit does not, *and never has had*, a good faith basis to assert the '740 Patent against the PAN Firewall and asked Implicit to voluntarily dismiss its claims related to the '740 Patent by January 12, 2017. Implicit replied to PAN's letter on January 17, 2018. Thereafter, the parties met and conferred about this matter but did not reach an agreement.

[2] *producing*, by the computer system, **the resource** for the first client computer, wherein the producing includes:

   [2a] conveying, by the computer system, a request for **the resource** to an external network;

   [2b] receiving, at the computer system, **the resource** from the external network; and

   [2c] performing, by the computer system, a transformation operation on **the resource**; and

[3] *sending*, by the computer system, **the produced resource** to the first client computer in response to the first HTTP request;

'740 Patent, 7:26-39 (claim 1), 8:59-9:4 (claim 19), 9:6-18 (claim 20) (emphasis added).

It is clear from this claim language that the "resource" that is requested by the client and received at the computer system in element [1] is the same resource that is produced in element [2] and that is sent to the client in element [3]. With respect to the sub-parts of the "producing" step, it is this same resource ("*the* resource") that (i) is the object of a request that is conveyed to an external network in element [2a], (ii) is received from the external network in element [2b] and (iii) is the object of the recited "transforming operation" in element [2c].

In sum, tracking the "resource" term through the language of the independent claims establishes the basic requirements that (i) the resource that the client requests is the resource that is sent to the client, and (ii) that resource must be the subject of a "transformation operation" before it is sent to the client. There are no claim construction disputes with respect to these basic requirements of the claims. As discussed below, Implicit's infringement theory fails because it does not, and cannot, track the same "resource" throughout each element of the claims.

   B.   **Implicit Cannot Show Infringement**

The fundamental problem with Implicit's infringement theory is that the thing that is sent to the client by the PAN Firewall in response to the client's HTTP request for a web resource –

*i.e.*, the "File Download Blocked" notification page with a "Continue" button – is not the product of a "transformation operation" performed on the web resource (*e.g.*, a file) that was requested by the client and obtained by the PAN Firewall from the external network. As such, the "performing … a transformation operation …" and "sending … the produced resource …" limitations of each of the asserted independent claims cannot be met.

Implicit agrees that a "transformation operation" is an "operation that modifies code". *See* Joint Claim Construction and Prehearing Statement, Dkt. 73, at 1. As shown above, the claim language requires that this "transformation operation" (*i.e.*, the modification of code) must be performed on the resource that is requested by the client and that is received by the computer system from the external network. In other words, in order for Implicit to prove infringement, the code of the requested (and downloaded) file must be modified by the PAN Firewall. Further, it is this resource—produced via a transformation operation performed on the resource requested and obtained from the external network—that is sent to the client in response to the client's HTTP request, as recited in the final element (identified as element [3] above):

> **sending**, by the computer system, **the produced resource to the first client** computer in response to the first HTTP request.

In other words, in order to show infringement, the accused the computer system must send to the client a version of the downloaded file ("the resource") in which the file's code has been modified (*i.e.*, "transformed").

The aforementioned "File Download Blocked" notification page, which is what Implicit alleges is "the produced resource" that is sent to the client by the PAN Firewall, is shown below:

**Configure File Blocking (Continued)**

Step 4   To test your file blocking configuration, access an endpoint PC in the trust zone of the firewall and attempt to download an executable file from a website in the untrust zone; a response page should display. Click **Continue** to confirm that you can download the file. You can also set other actions, such as **alert** or **block**, which do not provide an option for the user to continue the download. The following shows the default response page for File Blocking:

**File Download Blocked**

Access to the file you were trying to download has been blocked in accordance with company policy. Please contact your system administrator if you believe this is in error.

File name: Support_services_ds1.pdf

Please click  Continue  to download/upload the file.

Powers Decl., Ex. 5 (December 2017 Contentions), at 20. No reasonable fact finder could find that this "File Download Blocked" notification page is a version (with its code modified) of the downloaded file that was requested by the client and blocked by the PAN Firewall, *i.e.*, the file entitled "Support_services_ds1.pdf".[6]  Instead, this notification page is a pre-existing page developed by the PAN Firewall into which the PAN Firewall inserts the name of the requested and blocked file. Ralston Decl. at ¶8. Thus, the "File Download Blocked" notification page is not a "produced resource" [element 3] that is the result of performing "a transformation operation on the resource" [element 2c] where "the resource" is the resource requested by the client [element 1] and obtained from an external network [elements 2a and 2b].

Simply put, the "File Download Blocked" notification page is not a modification of the file requested by the client. This notification page shares no code with the requested and obtained file. The only relationship between the two is that the "File Download Blocked" notification page shows the name of the file that has been blocked by the PAN Firewall, *e.g.*, the file entitled "File

---

[6] The "File Download Blocked" notification page shows the name of the requested, blocked file ("Support_services_ds1.pdf") next to "File name:".

11

name: Support_services_ds1.pdf." No reasonable fact finder could find that showing the name of the blocked file in this "File Download Blocked" page is a "modification of code" within the blocked file. The notification page, therefore, is not the result of performing the claimed "transformation operation" on the blocked file.

Moreover, including code that creates the selectable "Continue" button in the "File Download Blocked" notification page cannot reasonably be considered the result of a transformation operation on the requested (and blocked) file. That is, any code corresponding to the "Continue" button is not a modification of code that is present in the blocked file that was obtained from an external network, *e.g.*, "Support_services_ds1.pdf." *See* Ralston Decl. at ¶10. Instead, the "Continue" button code is completely unrelated to any code that may be present in the blocked file. *Id.*

Alternatively, Implicit's theory may be that the "produced resource"—which must be sent to the client to satisfy the final element (quoted above as element [3])—is the initially blocked resource (*i.e.*, the requested file) that is later sent to the client if the client selects the "Continue" button on the "File Download Blocked" notification page.[7] That infringement theory still fails as a matter of law. When the user selects the "Continue" button, the PAN Firewall allows the requested file to pass through the firewall to the client computer ***unmodified***, *i.e.*, PAN Firewall sends the user the requested file in its original form, as received from the external network web server. Ralston Decl. at ¶¶5, 8. As such, there is no "transformation operation" (*i.e.*, modification of code) performed on the resource (*e.g.*, the file entitled "Support_services_ds1.pdf") by the PAN

---

[7] To be sure, this theory does not appear to be a theory set forth in Implicit's contentions. *See* Powers Decl., Ex. 5 (December 2017 Contentions), at 26-27 (citing to code relating to "File Download Blocked" notification page for element 1[G]).

12

Firewall before it is sent to the client.

In summary, the PAN Firewall can (i) block a requested resource and send to the client something that that the client did not request and that is not produced from the blocked resource, *i.e.*, a "File Download Blocked" notification page, or (ii) provide the resource (*e.g.*, a downloaded file) that the client requested, but without any modification to that resource by the PAN Firewall. In either scenario, the PAN Firewall does not perform a transformation operation on a resource that it obtained from an external network in response to a client request and does not send a transformed resource to the client in response to that client request. Accordingly, PAN's Firewall cannot infringe independent claims 1, 19 and 20 of the '740 Patent, directly or indirectly, because all of these claims have the identical claim language with the same dispositive requirements.

The other asserted claims are dependent claims 9-13 and 16, all of which depend from independent claim 1. Where an independent claim is not infringed, any claims depending from that claim are also not infringed. *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994). Therefore, for at least the same reasons set forth above in connection with claim 1, PAN is entitled to summary judgment that the PAN Firewall cannot infringe these dependent claims.

## VI. CONCLUSION

For all of the foregoing reasons, the Court should grant summary judgment that PAN's Accused Products do not infringe the '740 Patent.

DATED: February 9, 2018

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com

13

        GILLAM & SMITH, LLP
        303 South Washington Avenue
        Marshall, Texas 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257

        L. Norwood Jameson
        Georgia Bar No. 003970
        wjameson@duanemorris.com
        Matthew C. Gaudet
        Georgia Bar No. 287789
        mcgaudet@duanemorris.com
        David C. Dotson
        Georgia Bar No. 138040
        dcdotson@duanemorris.com
        John R. Gibson
        Georgia Bar No. 454507
        jrgibson@duanemorris.com
        S. Neil Anderson
        Georgia Bar No. 757113
        snanderson@duanemorris.com
        DUANE MORRIS LLP
        1075 Peachtree Street, Suite 2000
        Atlanta, Georgia 30309
        Telephone:  (404) 253-6900
        Facsimile:  (404) 253-6901

        Joseph Andrew Powers
        PA Bar No. 84590
        japowers@duanemorris.com
        Duane Morris LLP
        30 South 17th Street
        Philadelphia, PA 19103
        Telephone:  (215) 979-1842
        Facsimile:  (215) 689-3797

        ***Attorneys for Defendant***
        ***Palo Alto Networks, Inc.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 9th day of February, 2018 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                                */s/ Melissa R. Smith*
                                                                Melissa R. Smith