**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| IMPLICIT, LLC, | § | |
|---|---|---|
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 6:17-cv-182-JRG |
| | § | **(LEAD CASE)** |
| v. | § | |
| | § | |
| HUAWEI TECHNOLOGIES USA, INC., et al. | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § | |

**FIFTH AMENDED DOCKET CONTROL ORDER**

In accordance with the scheduling conference held in this case, it is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| Current Deadline | New Deadline | Event |
|---|---|---|
| October 22, 2018 | Unchanged | *Jury Selection – 9:00 a.m. in Tyler**, Texas** |
| September 24, 2018 | Unchanged | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| September 19, 2018 | Unchanged | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| September 17, 2018 | Unchanged | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |

| | | |
|---|---|---|
| September 10, 2018 | Unchanged | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| September 14, 2018 | Unchanged | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| September 14, 2018 | September 15, 2018 (note that this is a Saturday) | Serve Objections to Rebuttal Pretrial Disclosures |
| September 7, 2018 | September 12, 2018 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| | September 11, 2018 | Sur-Replies to any *Daubert* Motions or Dispositive Motions |
| | September 8, 2018 (note that this is a Saturday) | Replies to any *Daubert* Motions or Dispositive Motions |
| August 29, 2018 | September 6, 2018 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| | September 3, 2018 (note that this is Labor Day) | Responses to any *Daubert* Motions or Dispositive Motions |
| August 9, 2018 | August 23, 2018 | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |

| August 9, 2018 | August 23, 2018 | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances.  Exceptional circumstances require more than agreement among the parties.</u> |
|---|---|---|
| August 6, 2018 | August 21, 2018 | Deadline to Complete Expert Discovery |
| July 31, 2018 | August 6, 2018 | Serve Disclosures for Rebuttal Expert Witnesses (PAN's rebuttal expert disclosure regarding infringement) |
| July 23, 2018 | August 6, 2018 | Serve Disclosures for Rebuttal Expert Witnesses (except for PAN's rebuttal expert disclosure regarding noninfringement) |

(*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**:  The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached.  If the parties do not reach an agreement, the Court will appoint a mediator.  The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions**:  For each motion, the moving party shall provide the Court with two (2) copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), excluding exhibits, in D-three-ring binders, appropriately tabbed.  All documents shall be single-sided and must include the CM/ECF header.  For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall submitted on a single flash drive.  These copies shall be delivered as soon as briefing has completed.

**Indefiniteness**:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**:  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)  The fact that there are motions for summary judgment or motions to dismiss pending;

(b)  The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)  The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**:  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO**:  The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**So Ordered this**
**Jul 22, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE