**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| IMPLICIT, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> PALO ALTO NETWORKS, INC., § <br> § <br> *Defendant*. § | **CIVIL ACTION NO.  6:17-CV-00336-JRG** <br> **(MEMBER CASE)** <br> **CIVIL ACTION NO. 6:17-CV-00182-JRG** <br> **(LEAD CASE)** |

## ORDER

Before the Court is Defendant Palo Alto Networks, Inc.'s ("PAN") Motion to Strike Infringement Theories from Dr. Alermoth's Expert Report that Ignore this Court's July 2, 2018 Order and the Local Rules for Infringement Contentions (the "Motion"). (Dkt. No. 202.) Having heard argument on this Motion at a pretrial hearing held on September 27, 2018 and having considered the Motion and briefing, the Court is of the opinion that the Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART** for the reasons set forth herein.

PAN moves to strike certain paragraphs of Dr. Kevin C. Alermoth's Amended Expert Report on the basis that those paragraphs discuss (1) technologies that the Court had already struck in an order issued on July 2, 2018 (the "July 2 Order"), (Dkt. No. 153,) and (2) technologies that were not accused in Plaintiff Implicit, LLC's ("Implicit") infringement contentions, pursuant to the Court's Local Rules. The challenged technologies are: SSL (encryption/decryption); .Zip decompression; CTD/content ID; egress tunneling and egress; and TCP reassembly module. In light of the Court's July 2 Order, there is no dispute that the operative infringement contentions are those put forward by Implicit on October 30, 2017 (the "October

Contentions"). The Court has diligently compared Implicit's October Contentions with Dr. Alermoth's Amended Expert Report ("AER") in an effort to determine whether the October Contentions reasonably and substantively gave PAN notice of the particular technologies accused by Implicit as addressed in the AER. Specifically, the Court compared the functionality of the technologies disclosed in the October Contentions with the challenged portions of the AER. The Court recognizes that the names, labels, and identifiers applied to the accused technology at issue have evolved throughout the course of discovery and the parties' motion practice. Having undertaken such analysis, the Court finds that .Zip decompression was not fairly disclosed in the October Contentions. Accordingly, it is hereby **ORDERED** that the following portions of Dr. Alermoth's AER are struck:

- "If applicable, filters are called as part of the decoding process in order to look for specific patterns in the file stream data or, to, for example, unzip or .ZIP file or decode a uuencoded file," located at paragraph 149 in Dr. Alermoth's AER;
- "When such an application specific decoder is executed, it executes a 'protocol' based on the SML code of the decoder itself, or an associated conversion filter (such as a filter for unzipping a ZIP file or decoding a uuencoded file), in order to properly convert the layer-7 data stream from one format to another for inspection by the firewall," located at paragraph 205 in Dr. Alermoth's AER.

All other portions of Dr. Alermoth's AER remain in effect and are not struck, and the Motion is **DENIED** except as to those specific portions of the AER set forth and struck above.

**So ORDERED and SIGNED this 28th day of September, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE