IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| IMPLICIT, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO.  6:17-CV-00182-JRG |
| PALO ALTO NETWORKS, INC., § | |
| § | |
| *Defendant*. § | |

## ORDER

Before the Court is Plaintiff Implicit, LLC's ("Implicit") Motion to Strike Portions of Russ Report as Exceeding Scope of Palo Alto Networks, Inc's ("PAN") Invalidity Contentions (the "Motion").  (Dkt. No. 180.)  Generally, Implicit requests the Court exclude paragraphs 839–844, 845–849, 850–852, 853–856, 857–859, and 877–880 of Dr. Samuel Russ' Amended Expert Report (the "Russ Report") for presenting invalidity defenses under 35 U.S.C § 112 that do not appear in PAN's invalidity contentions.  (*Id.* at 1, 3.)

Implicit argues that PAN's invalidity contentions do not give fair notice of numerous invalidity theories set forth in the Russ Report even though Implicit's corresponding infringement theories appear in Implicit's September 1, 2017 infringement contentions.  (*Id.* at 1–2 (identifying theories associated with data compression/decompression, encryption, QoS, using DPI or App-ID to inspect the application layer data, and analyzing traffic and determining whether to send it for sandboxing).  Further, Implicit contends that PAN's invalidity contentions regarding the "process[ing] . . . packets" limitations provide no examples of how "handling of a packet" does not (under PAN's definition) convert packets from one format to another, but the Russ Report

1

provides three such examples (e.g., decompressing data, using DPI or App-ID to inspect the application layer of a packet to block or allow traffic, and analyzing traffic and determining whether to send it for sandboxing).  (*Id.* at 2–3.)  Implicit also argues that PAN's invalidity contentions regarding the "execute/perform a transmission protocol" limitations merely offer conclusory indefiniteness, enablement, and written description statements, while the Russ Report asserts that "observing TCP traffic and re-ordering TCP packets for analysis" lack written description support.  (*Id.* at 3.)

PAN responds that the Russ Report's discussion regarding written description tracks the scope of Dr. Kevin C. Almeroth's (Implicit's expert) infringement report.  (Dkt. No. 209 at 2.)  As such, PAN argues that the challenged portions of the Russ Report rise and fall with PAN's motion to strike portions of Dr. Almeroth's infringement report (Dkt. No. 202) and/or correspond to Dr. Almeroth's broad interpretation of claim language.  (Dkt. No. 209 at 6–7.)  Additionally, PAN argues that any differences between its invalidity contentions and the Russ Report are directed to the substantive factual dispute between the parties and thus do not justify striking the challenged portions of the Russ Report.  (Dkt. No. 238 at 1–3.)

In view of the parties' briefing, the Court finds that although the differences between PAN's invalidity contentions and the Russ Report reflect differences in scope, PAN's invalidity contentions provide sufficient notice of the invalidity theories set forth in the Russ Report.  Further, the challenged invalidity theories in the Russ Report correspond to several infringement theories set forth in Dr. Almeroth's infringement report that PAN challenged as lacking sufficient notice in Implicit's infringement contentions but were upheld by the Court.  (Dkt. No. 286.)  Accordingly, the Court **GRANTS-IN-PART** the Motion as to portions of the Russ Report discussing data

compression/decompression and **DENIES-IN-PART** the Motion as to other challenged portions of the Russ Report.

**So Ordered this**
Oct 17, 2018

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE